**Opinion issued November 25, 2014**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-13-00565-CR

———————————

**TYRECE LYNN COX, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 122nd District Court**
**Galveston County, Texas**
**Trial Court Case No. 13CR0523**

---

## MEMORANDUM OPINION

Appellant, Tyrece Lynn Cox, appeals from his conviction for continuous sexual abuse of a child. *See* TEX. PENAL CODE ANN. § 21.02 (West 2013). Appellant entered an open plea of guilty to the judge and jury. The jury sentenced

appellant to sixty-five years' confinement  and certified appellant's right to appeal. Appellant filed a timely notice of appeal.

Appellant's court-appointed appellate counsel has filed a motion to withdraw, along with an *Anders* brief stating that the record presents no reversible error and therefore the appeal is without merit and is frivolous.  *See Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396 (1967).

Counsel's brief meets the *Anders* requirements by presenting a professional evaluation of the record and supplying us with references to the record and legal authority.  *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400; *see also High v. State*, 573 S.W.2d 807, 812−13 (Tex. Crim. App. 1978).  Counsel indicates that he has thoroughly reviewed the record and is unable to advance any grounds of error that warrant reversal.  *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400; *Mitchell v. State*, 193 S.W.3d 153, 155 (Tex. App.—Houston [1st Dist.] 2006, no pet.).

Counsel has also informed us that he delivered a copy of the brief to appellant and informed him of his right to examine the appellate record and to file a response.  *See In re Schulman*, 252 S.W.3d 403, 408 (Tex. Crim. App. 2008). Appellant has not filed a pro se response.

We have independently reviewed the entire record in this appeal, and we conclude that (1) no reversible error exists in the record, (2) there are no arguable grounds for review, and (3) therefore the appeal is frivolous.  *See Anders*, 386 U.S.

at 744, 87 S. Ct. at 1400 (emphasizing that reviewing court—not counsel—determines, after full examination of proceedings, whether appeal is wholly frivolous); *Garner v. State*, 300 S.W.3d 763, 767 (Tex. Crim. App. 2009) (reviewing court must determine whether arguable grounds for review exist); *Bledsoe v. State*, 178 S.W.3d 824, 826−27 (Tex. Crim. App. 2005) (same); *Mitchell*, 193 S.W.3d at 155 (same). Appellant may challenge our holding that there are no arguable grounds for appeal by filing a petition for discretionary review in the Court of Criminal Appeals. *See Bledsoe*, 178 S.W.3d at 827 & n.6.

We note that the judgment states attorney fees are "to be assessed." There is no evidence in the record to indicate Cox's financial circumstances materially changed after the trial court initially found him to be indigent and appointed counsel to represent him. We conclude that the evidence is insufficient to support the order requiring appellant to pay attorney fees for his court-appointed defense counsel. *See Jones v. State*, 428 S.W.3d 163, 171-2 (Tex. App.—Houston [1st Dist.] 2014, no pet.). Therefore, we modify the judgment to remove the portion stating attorney fees are "to be assessed."

We affirm the judgment of the trial court, as modified, and grant counsel's motion to withdraw.[1] Attorney Tommy James Stickler must immediately send the

---

[1] Appointed counsel still has a duty to inform appellant of the result of this appeal and that he may, on his own, pursue discretionary review in the Court of Criminal Appeals. *See Ex parte Wilson*, 956 S.W.2d 25, 27 (Tex. Crim. App. 1997).

notice required by Texas Rule of Appellate Procedure 6.5(c) and file a copy of that notice with the Clerk of this Court. *See* TEX. R. APP. P. 6.5(c).

## PER CURIAM

Panel consists of Justices Massengale, Brown, and Huddle.

Do not publish.   TEX. R. APP. P. 47.2(b).